IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UMF CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-05970 |
| | ) | |
| TADGREEN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### The Parties

1. Plaintiff, UMF Corporation ("UMF"), is an Illinois corporation with its principal place of business in Skokie, Illinois. UMF is the exclusive licensee of United States Pat. No. 6, 258, 455 B1 entitled "Antimicrobial Ultra-Microfiber Cloth" issued July 10, 2001 (the "455 Patent").

2. Defendant, Tadgreen, Inc. ("Tadgreen"), is a Delaware corporation with its principal place of business in Greenland, New Hampshire.

### Jurisdiction and Venue

3. Through this complaint, UMF seeks to recover damages from Tadgreen arising from Tadgreen's infringement of the 455 Patent through Tadgreen's advertising, marketing, sales and distribution of products incorporating the invention encompassed in the 455 Patent.

4. The claims presented in this complaint arise under the patent laws of the United States, and subject matter jurisdiction is proper in this Court under 28 U.S.C. §§1331 and 1338 as this action is predicated on a federal question involving patents.

5. Tadgreen directly and regularly solicits and conducts business within this judicial district and otherwise derives revenue from business transacted within this judicial district.

Tadgreen advertises a product incorporating the invention encompassed by the 455 Patent (the "Infringing Product") for sale on its website. Tadgreen sells the Infringing Product through Tadgreen's website.

6. On information and belief, Tadgreen has sold the Infringing Product into this judicial district.

7. On information and belief, Tadgreen sells the Infringing Product to others for distribution in this judicial district.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(b).

**The Claims**

9. UMF is in the business of developing and marketing high performance textiles for the commercial cleaning and infection control markets.

10. Sweports, Ltd. is the owner of the 455 Patent.

11. On October 24, 2000, Sweports entered into a licensing agreement with UMF pursuant to which UMF is the exclusive licensee of the 455 Patent.

12. UMF sells and distributes antimicrobial cleaning products incorporating the 455 Patent throughout the United States under the trade name PerfectClean®.

13. At all times material to this action, Tadgreen has advertised, marketed, distributed, and sold products under the trade name "e-cloth" through its website. Included among the e-cloth products advertised, marketed, distributed and sold by Tadgreen on its website is a product described as an "Antimicrobial Cloth."

14. Tadgreen's website states that the "Antimicrobial Cloth" is manufactured for Tadgreen in South Korea.

15. Tadgreen is not a licensee of the 455 Patent.

16. Nonetheless, the "Antimicrobial Cloth" advertised, marketed, distributed, and sold by Tadgreen incorporates the 455 Patent.

17. Tadgreen expressly claims that intertwined in the microfibers of its Antimicrobial Cloth are silver ions that kill the bacteria that the cloth picks up when used to wipe hard surfaces. Consequently, the Antimicrobial Cloth advertised, marketed, distributed and sold by Tadgreen incorporates the patented invention encompassed by the 455 Patent.

18. During the period encompassing the six years prior to the filing of this complaint, Tadgreen has sold, advertised, marketed, and distributed the Infringing Product unlawfully and willfully without license or the consent of Sweports, Ltd. or UMF, in this judicial district as well as elsewhere in the United States.

19. At all times material to this action, UMF has advertised, marketed, distributed, and sold products incorporating the 455 Patent extensively and enjoyed commercial success through its efforts and investment.

20. UMF has complied with the statutory requirement of providing notice of the 455 Patent.

21. Until Tadgreen was first contacted by UMF, Tadgreen, through one of its distributors, went so far as to copy UMF's copyrighted marketing materials and pasted UMF's marketing materials onto the distributor's website suggesting to customers and potential consumers that the distributor owned the artwork incorporated in its advertising copy as well as the right to sell a product incorporating the 455 Patent.

22. Upon receipt of UMF's initial correspondence cease and desist letter concerning Tadgreen's infringement in November 2011, Tadgreen purported to disclaim control over its distributors and denied that its product infringed the 455 Patent. In December 2011, Tadgreen asserted that the antimicrobial feature in its product "is very different from the patent."

23. At the same time, Tadgreen asserted to UMF that Tadgreen caused its distributor to delete UMF's advertising copy from its website. But Tadgreen declined to cease and desist from its acts of infringement of UMF's exclusive right to use the invention protected by the 455 Patent.

24. UMF has written to Tadgreen on multiple occasions giving it notice of the infringement of UMF's rights protected under the 455 and demanding that Tadgreen cease and desist from its actions of infringement of UMF's rights under the 455 Patent.

25. However, Tadgreen's chief executive officer, Allan Coviello, expressly declined UMF's demand that Tadgreen cease and desist from Tadgreen's infringing conduct.

26. Tadgreen continues to advertise, market, distribute, and sell the infringing Antimicrobial Cloth through its own website and through distributors throughout the United States including within the Northern District of Illinois.

27. Under these circumstances, it is clear that Tadgreen will continue its infringement unless enjoined by this Court.

28. UMF has suffered great damage as a consequence of Tadgreen's infringement.

29. Tadgreen's advertising, marketing, distribution, and sales of the Infringing Product will cause irreparable harm to UMF including through the consumer confusion that will continue to result from customers who will confuse Tadgreen's product incorporating the 455 Patent with UMF's high quality product which lawfully incorporates the 455 Patent.

30. Further, although UMF has demanded an accounting of Tadgreen's sales of the Infringing Product, but Tadgreen has declined to provide that accounting.

31. Tadgreen's ongoing infringement of the 455 Patent even after receiving UMF's cease and desist correspondence in November 2011 has been knowing, deliberate, intentional, and willful.

4

WHEREFORE, Plaintiff UMF asks that judgment be entered in its favor and against Defendant Tadgreen as follows:

(1) that Tadgreen be preliminarily and permanently enjoined from the advertising, marketing, distribution, and sale of products incorporating the 455 Patent;

(2) that Tadgreen provide an accounting of its sales of products incorporating the 455 Patent;

(3) that UMF be awarded damages arising from Tadgreen's advertising, marketing, distribution, and sale of infringing products as well as prejudgment and post-judgment interest on those damages;

(4) that UMF be awarded enhanced damages as a consequence of Tadgreen's intentional and willful infringement; and

(5) that UMF be awarded its attorney's fees and costs as well as such other relief as this Court deems just.

Plaintiff demands a jury.

Dated: July 30, 2012

Respectfully submitted,

*/s/ David B. Goodman*
David B. Goodman (#6201242)
Carrie E. Davenport (#6289322)
SHAW GUSSIS FISHMAN GLANTZ
  WOLFSON & TOWBIN LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
dgoodman@shawgussis.com
cdavenport@shawgussis.com

*Counsel for Plaintiff, UMF Corporation*